UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2738 |
| ERIC C. SMALLEY, IN HIS CAPACITY AS THE INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JOHN H. SMALLEY, III, and LISA MURDOCK SMALLEY, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Eric C. Smalley's Motion for Summary Judgment (Doc. No. 11) and Eric C. Smalley's Amended Motion for Summary Judgment (Doc. No. 28). Upon considering the motions, all responses thereto, and the applicable law, the Court finds that both the Motion for Summary Judgment and the Amended Motion for Summary Judgment must be granted.

### I.  BACKGROUND

This case arises out of the claims by Defendant and Cross-Claimant Lisa Murdock Smalley ("Lisa"), and Defendant and Cross-Defendant Eric C. Smalley, in his capacity as Independent Administrator of the Estate of John H. Smalley, III ("Eric"). The issue to be decided is entitlement to the funds interpled by Plaintiff Thrivent Financial for Lutherans ("Thrivent") pursuant to Federal Rule of Civil Procedure 22. The following facts are undisputed by the parties.

1

On July 23, 1993, John H. Smalley ("John") designated Lisa as the primary beneficiary of a life insurance policy, Policy No. 06456269, issued by the predecessor to Thrivent and on which he was the insured. (Doc. No. 28 Ex. 1.) In the designation form, John listed "Lisa C. Murdock, Spouse" as the primary beneficiary and "Estate of the Insured" as the secondary beneficiary. (*Id.* at 43.) On September 11, 1993, John and Lisa were married. On September 4, 2008, the marriage between John and Lisa marriage was dissolved through entry of an Agreed Final Decree of Divorce (the "Divorce Decree") issued by the County Court of Montgomery County, Texas. (Doc. No. 28 Ex. 2.) The Divorce Decree awarded the Policy to John as "his sole and separate property." (*Id.* at 3-4.) Lisa was "divested of all right, title, interest, and claim in and to" the Policy. (*Id.* at 3.) On February 11, 2010, John died. Subsequently, both Lisa and Eric, in his role as administrator of John's estate, made a claim on Thrivent for payment of the Policy proceeds.

Thrivent filed an interpleader action pursuant to Federal Rule of Civil Procedure 22 and deposited the Policy proceeds with the Court. Thrivent was subsequently dismissed from the case. Lisa filed a cross-claim against Eric seeking a declaratory judgment that she is the rightful owner of the Policy proceeds. Eric has moved for summary judgment on Lisa's cross-claim. The motion has been briefed and is ripe for disposition.

## II. LEGAL STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

2

party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. F.R.C.P. 56(e)(1); *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996), *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts.'" (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### III. ANALYSIS

Lisa and Eric have characterized this dispute as one focused upon whether amendments to the Texas Family Code in 1997 affect John's designation in 1993 of Lisa as primary beneficiary of the Policy. Texas Family Code § 9.301, effective April 17, 1997, provides, in relevant part:

> § 9.301. Pre-Decree Designation of Ex-Spouse As Beneficiary of Life Insurance
>
> (a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless: (1) the decree designates the insured's former spouse as the beneficiary; (2) the insured redesignates the former spouse as the beneficiary after rendition of the decree; or (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
>
> (b) If a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

Tex. Fam. Code Ann. §§ 9.301(a), (b) (West 2011); *see also* 1997 Tex. Sess. Law Serv. Ch. 7 (S.B. 334) (West).

Lisa makes several arguments against the application of § 9.301 to this case. First, Lisa contends that § 9.301 does not apply to the Policy because Lisa was designated by John as a beneficiary prior to their marriage, i.e., when Lisa was not John's spouse. Second, Lisa contends that § 9.301 does not apply to the Policy because there is no indication that the Texas Legislature intended the statute to apply retroactively to insurance policies already in existence at the time of its enactment. In her view, an interpretation of § 9.301 as applicable to the Policy would violate the Texas Constitution's prohibition on retroactive laws. Third, Lisa contends that, if § 9.301 is deemed to be retroactive, the statute violates the Contract Clause of the federal Constitution and the Texas Constitution because it impairs the obligations of pre-existing insurance policy agreements. Fourth, Lisa argues that, even if § 9.301 is found to apply to the Policy, John allegedly made a redesignation of Lisa as Policy beneficiary through oral conversations with Thrivent's representatives that occurred on and after October 29, 2008.

Eric contends, in response, that Lisa's attempts to obtain the Policy proceeds constitute an improper collateral attack on the Divorce Decree. In addition, Eric argues that § 9.301 applies to John's designation of Lisa as a beneficiary. The oral conversations that may have taken place after the Divorce Decree cannot constitute a redesignation under Texas law or the terms of the Policy itself, both of which require that beneficiary designations be made in writing.

Although it is tempting to address the constitutional questions implicated in the application of § 9.301 to the Policy and beneficiary designation, the Court need not do so.[1] In

---

[1] We note that, on the issue of whether § 9.301 is applicable to the Policy, Texas courts have not hesitated to apply § 9.301 to insurance policies where both the beneficiary designation *and* the divorce between husband and wife occurred prior to the enactment of § 9.301. *See Camacho v. Montes*, 2006 Tex. App. LEXIS 8181, *3 (Tex. App.—Amarillo Sept. 15, 2006, no pet.).

4

1993, at the time that John designated Lisa as beneficiary on the Policy, another Texas statute was in effect that applies to the beneficiary designation at issue.[2] In 1987, the Texas legislature enacted § 3.632 of the Texas Family Code. This statute provided, in relevant part:

> § 3.632. Disposition of Beneficial Interests in Insurance
> (a) In a decree of divorce or annulment the court shall determine all rights of both spouses in an insurance policy, including life, casualty, liability, and health insurance.
> (b) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:
> > (1) the decree designates the insured's former spouse as the beneficiary;
> > (2) the insured redesignates the former spouse as the beneficiary after rendition of the decree; or
> > (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
> (c) If a designation is not effective under Subsection (b) of this section, the proceeds of the policy are payable to the named alternative beneficiary, or, if there is not a named alternative beneficiary, to the estate of the insured.

Tex. Fam. Code Ann. §§ 3.632(a), (b), (c) (West 1993); *see also* 1987 Tex. Sess. Law Serv. Ch. 50 (West).[3] Section 7 of the 1987 Act that enacted this part of the Texas Family Code stated: "This Act takes effect November 1, 1987, and applies only to an order, decree, or judgment rendered on or after that date." The Texas Legislature in 1997 amended this section of the Texas Family Code by adding and removing certain language, but kept intact section (b) of Texas Family Code § 3.632 as section (a) of Texas Family Code § 9.301. *Compare* Tex. Fam. Code § 3.632(b) (West 1993) *with* Tex. Fam. Code § 9.301(a) (West 2011). The 1997 amendments to the Texas Family Code did not alter the 1987 Act's language that section (b) of Texas Family Code § 3.632 would apply to decrees and judgments rendered on or after November 1, 1987. The purpose of Section § 3.632 was to codify the presumption that a divorce decree waives a

---

[2] It is puzzling that neither party addressed the existence of this statute in their briefs, and even more troubling that Lisa argued in her brief that there was no "spousal beneficiary revocation on divorce" statute in effect at the time of the beneficiary designation and her marriage to John. (Doc. No. 30 at 3.)

[3] Section (b) of Texas Family Code § 3.632 is identical to section (a) of Texas Family Code § 9.301, which replaced § 3.632 in 1997.

5

spouse's beneficiary interest under a life insurance policy absent redesignation following the divorce. *See Brandon v. Travelers Ins. Co.*, 18 F.3d 1321, 1326 (5th Cir. Tex. 1994), *overruled in part on other grounds by Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285 (2009).

Here, John designated Lisa as a beneficiary on the Policy in 1993. John and Lisa were married in 1993. John and Lisa divorced in 2008. The language of Texas Family Code § 3.632(b) clearly applies to the Policy and John's beneficiary designation of Lisa in 1993.[4] *See Copeland v. Alsobrook*, 3 S.W.3d 598, 600-601 (Tex. App.—San Antonio 1999, pet. denied) (section § 3.632 applied to beneficiary designation made prior to 1991, when the spouses divorced); *Sever v. Mass. Mutual Life Ins. Co.*, 944 S.W.2d 486, 401 (Tex. App.—Amarillo 1997, pet. denied) (section § 3.623 applied to beneficiary designation made in 1995, followed by divorce in the same year); *Hunt v. Jefferson-Pilot Life Ins. Co.*, 900 S.W.2d 453, 455 (Tex. App.—Fort Worth 1995, pet. denied) (section § 3.632 applies to beneficiary designation made in 1989, which was followed by divorce in 1990); *In re Group Life Insurance Proceeds of Curtis B. Mallory*, 872 S.W.2d 800, 803 (Tex. App.—Amarillo 1994, no pet.) (section § 3.632 applies to beneficiary designation made in 1991, which was followed by divorce in 1992). Since § 3.632(b) applies to the Policy and John's beneficiary designation of Lisa, we must next determine what effect the Divorce Decree had upon the beneficiary designation under the terms of the statute.

---

[4] Lisa also makes the argument that the Policy is not subject to the "revocation upon divorce" statute because she was designated as a beneficiary prior to her marriage to John. Family Code § 3.632(b) does refer to designation of an "insured's *spouse*," which suggests that a beneficiary must be married to the policy owner at the time of the designation in order for § 3.632 to apply to the Policy. However, even if the Policy were not subject to § 3.632, it would be subject to the common law rule regarding termination of beneficial interests in life insurance policies in favor of ex-spouses. *See Novotny v. Wittner*, 731 S.W.2d 103, 104-105 (Tex. App.—Houston 1987, pet. ref. n.r.e.). Under the common law framework, a divorce decree that not only awards a life insurance policy to one spouse as that spouse's property but also divests the other spouse of "all right, title, and interest and to such property" is sufficient to deprive the latter spouse of the right to take as beneficiary under the policy. *See id.* at 104-05. Here, the Divorce Decree recited that Lisa was "divested of all right, title, interest, and claim in and to" the Policy. (*Id.* at 3.) We find that this language was sufficient to deprive Lisa of her beneficial interest in the Policy under the common law rules in place before § 3.632(b) was enacted.

6

Texas courts have recognized that a divorce decree entered pursuant to an agreement between the parties is not only a contract between private individuals but also a judgment of the court. *See, e.g., Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex. 1979). Language in a divorce decree is construed in the same manner as other judgments of courts. *See Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009) (citing *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003)). Judgments should be construed as a whole to harmonize and give effect to the entire decree. *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976). "If the decree, when read as a whole, is unambiguous as to the property's disposition, the court must effectuate the order in light of the literal language used." *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997) (per curiam). If the language in the decree is ambiguous, the court must interpret the decree by reviewing both the decree as a whole and the record. *Hagen*, 282 S.W.3d at 901. Determining whether a divorce decree is ambiguous is a question of law. *Id.* at 901-902.

Here, the Divorce Decree clearly enumerated the various assets that would be awarded to John "as his sole and separate property," and as to which Lisa was "divested of all right, title, interest, and claim in and to that property." (Doc. No. 28 Ex. 2 at 3.) Among the property enumerated was "H-5. The following policies of life insurance (including cash values) insuring the life of the husband: a. Thrivent Financial of Lutherans, Contract No. 6456269." (*Id.* at 4.) Texas courts have held that similar language contained in a divorce decree operates to divest a spouse of all right and title to an insurance policy and its beneficial interests on which the spouse has been designated as a beneficiary. *See Camacho v. Montes*, 2006 Tex. App. LEXIS 8181, *2-*3 (Tex. App.—Amarillo Sept. 15, 2006, no pet.); *see also Gray v. Nash*, 259 S.W.3d 286, 291 (Tex. App.—Fort Worth 2008, pet. denied) (divorce decrees nullify beneficiary designations); *General Elec. Capital Assur. v. Van Norman*, 209 F. Supp. 2d 668 (S.D. Tex. 2002) (under Tex.

Fam. Code § 7.005, divorce decree nullified beneficiary designation in favor of ex-spouse in insurance policy).[5] After enactment of Texas Family Code § 3.632 in 1987, a revocation of Lisa's beneficial interests in the policy would have occurred by operation of law even if the Divorce Decree had been silent regarding the Policy. *See Copeland*, 3 S.W.3d at 601 n.2; *Sever*, 944 S.W.2d at 490. Based on the language of the Divorce Decree and the express language of Texas Family Code § 3.632(b), we find that the beneficiary designation in favor of Lisa was revoked when Lisa and John divorced.

Lisa contends that she remains a beneficiary of the Policy despite the divorce because John redesignated her under the provision of the Texas Family Code allowing for post-divorce decree redesignations of spouses. *See* Tex. Fam. Code § 3.632(b)(ii) ("[A] provision in favor of the insured's former spouse is not effective unless . . . the insured redesignates the former spouse as the beneficiary after rendition of the decree."). An affidavit prepared by Lisa's counsel recounts statements made by a Thrivent agent Aretta L. Easley ("Easley").[6] (Doc. No. 30 Ex. 1.) On October 29, 2008, John met with Easley and another Thrivent agent, Jeffrey L. Burden ("Burden"). (*Id.* ¶ 4.) During this meeting, Easley showed John paperwork that identified Lisa as the Policy beneficiary and told him that Lisa would receive the Policy proceeds upon his death if he did not change the beneficiary. (*Id.*) John did not want to change his beneficiary because he

---

[5] There is a line of Texas cases holding that the allocation of an insurance policy in a divorce decree to one spouse as her separate property is insufficient to revoke a beneficiary designation for that policy in favor of the other spouse and that additional language referring to beneficial interests is required. *See, e.g., Parker v. Parker*, 683 S.W.2d 889, 890 (Tex. App.--Fort Worth 1985, writ ref'd); *Pitts v. Ashcraft*, 586 S.W.2d 685, 696 (Tex. Civ. App.--Corpus Christi 1979, writ ref'd n.r.e.); *Partin v. de Cordova*, 464 S.W.2d 956, 956-57 (Tex. Civ. App.--Eastland 1971, writ ref'd). However, these cases were all decided prior to the enactment of Texas Family Code § 3.632(b) in 1987, which codified the presumption a divorce decree revokes beneficiary designations in favor of a spouse in the absence of explicit language to the contrary. *See Spiegel v. KLRU Endowment Fund*, 228 S.W.3d 237, 245 (Tex. App.—Austin 2007, pet. denied) (Tex. Fam. Code § 9.301, which contains identical language to Tex. Fam. Code § 3.632, created a statutory presumption that a spouse intended to revoke beneficial interests in favor of the other spouse when divorcing).

[6] We note that this affidavit contains hearsay statements by both Easley and John. *See* Fed. R. Evid. 801(c). However, we need not concern ourselves with whether this is competent summary judgment evidence because of our finding that there has been no material issue of fact created by this affidavit.

wanted Lisa to have the Policy proceeds. (*Id.*) On a subsequent date, Easley and John talked by phone regarding the Policy. (*Id.* ¶ 5.) Easley asked John about naming a new beneficiary, but John told Easley that he did not want to name a new beneficiary or change away from Lisa as his beneficiary. (*Id.*) Lisa argues that John's oral conversations with Thrivent representatives constitute a redesignation of Lisa as a beneficiary. At the very least, Lisa contends that these oral conversations create a genuine issue of material fact about redesignation that should defeat summary judgment and entitle Lisa to depose the Thrivent representatives.

Unfortunately for Lisa, we believe the question of whether oral conversations can suffice to redesignate an individual as a beneficiary under § 3.632(b)(ii) is a question of law that can be resolved at this stage without need for further factual development. Section 3.632 does not prescribe the method or procedure by which a beneficiary designation must be made. *See Sever*, 944 S.W.2d at 490 n.4. However, the Texas Insurance Code provisions in effect at the time of the Divorce Decree and John's alleged conversations with the Thrivent representatives state the following:

> § 1103.054. Designation of Beneficiary or Owner in Policy Application
>
> An individual of legal age may:
> (1) apply for a policy insuring the individual's life; and
> (2) designate *in writing* in the application for the policy any individual, partnership, association, corporation, or other legal entity as:
>   (A) a beneficiary of the policy[.]
>
> § 1103.055. Designation of Beneficiary of Policy; Transfer or Assignment of Policy or Interest
>
> An individual of legal age who is insured under a life insurance policy *may in writing*:
> (1) in a manner and to the extent permitted by the policy, designate any individual, partnership, association, corporation, or other legal entity as a beneficiary of the policy; and
> (2) in a manner and to the extent not prohibited by the policy, transfer or assign to

> any entity described by Subdivision (1):
> (A) the policy; or
> (B) an interest, benefit, right, or title in the policy. . . .
>
> § 1103.102. Payment to Designated Beneficiary
>
> (a) Except as provided by Subsection (b) or (c), if an individual obtains a policy insuring the individual's life, ***designates in writing*** a beneficiary to receive the proceeds of the policy, and files the written designation with the company, the company shall pay the proceeds that become due on the death of the insured to the designated beneficiary. . . .

Tex. Ins. Code §§ 1103.054, 1103.055, 1103.102 (West 2010) (emphasis added).[7] Because Texas Family Code § 3.632 and Texas Insurance Code §§ 1103.054, 1103.055, 1103.102 all cover designations of beneficiaries of insurance policies, they are in *pari materia* and must be read and considered together. *Sever*, 944 S.W.2d at 490 n.4 (citing *Calvert v. Fort Worth Nat'l Bank*, 356 S.W.2d 918, 921 (Tex. 1962)). In addition, the Policy prescribed the following method for changing a beneficiary designation: "A beneficiary designation may be changed at any time. . . . In order for the change to be valid, ***it must be in writing*** and signed by you . . . ." (Doc. No. 20 Ex. 1 at 21 (emphasis added.))

Since § 3.632 does not prescribe a specific method to redesignate a former spouse as beneficiary, the provisions of the Policy and Texas Insurance Code §§ 1103.054, 1103.055, 1103.102 are controlling. *Sever*, 944 S.W.2d at 490. These provisions require that a beneficiary designation must be in writing. Here, Lisa has not demonstrated a genuine issue of material fact over whether John ever evidenced *in writing* his intent to redesignate Lisa as the beneficiary of the Policy. Rather, Lisa relies on upon purported *oral* conversations between John and Thrivent representatives to support her contention that John redesignated her as the Policy beneficiary. In

---

[7] Sections §§ 1103.054, 1103.055, 1103.102 were enacted in 2001 and became effective in 2003. These sections replaced Vernon's Annotated Texas Statutes, Insurance Code, Arts. 3.48 and 3.49-1, §§ 1, 2, which were in effect in 1993 and prescribed similar requirements that a beneficiary designation be made in writing. *See Sever*, 944 S.W.2d at 489.

*Sever*, the Texas Court of Appeals reviewed a similar situation where a divorce was granted between the life insurance owner (the husband) and the life insurance beneficiary (the wife). Under Texas Family Code § 3.632, the divorce revoked the life insurance beneficiary designation in favor of the wife as a matter of law. After the divorce, the husband allegedly met with an insurance company representative and stated that he did not wish to change the beneficiary designation. After this meeting, the husband again had a discussion with the insurance agent about designations, but did not request any change in the beneficiary designation. The Texas Court of Appeals held that, as a matter of law, the husband's oral statements could not demonstrate substantial compliance with the insurance policy and Texas Insurance Code requirements that a beneficiary designation be made in writing. *See Sever*, 944 S.W.2d at 491-92 (sustaining points of error number one and two). We believe that the facts in the present case are sufficiently analogous to those of *Sever* to conclude that John's oral statements to the Thrivent representatives could not, as a matter of law, constitute a redesignation of Lisa as a beneficiary of the Life insurance policy as required by Texas Family Code § 3.632(b)(ii). Therefore, we hold that John did not redesignate Lisa as a beneficiary of the Policy such that Lisa is entitled to the Policy proceeds. Pursuant to Texas Family Code § 3.632(c), the Policy proceeds are payable to the named alternative beneficiary. The alternative beneficiary here is the secondary beneficiary named by John in the Policy, i.e., the "Estate of the Insured." We grant summary judgment to Eric on Lisa's cross-claim.

## IV. CONCLUSION

Based on the foregoing, the Motion for Summary Judgment (Doc. No. 11) is **GRANTED** and the Amended Motion for Summary Judgment (Doc. No. 28) is **GRANTED**. Accordingly, the Court hereby **ORDERS** that the Clerk distribute the interpled funds to Eric C. Smalley, in his

capacity as Independent Administrator of the Estate of John H. Smalley, III, as directed by the Independent Administrator.

**IT IS SO ORDERED.**

**SIGNED** this the 26th day of July, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE