UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2738 |
| ERIC C. SMALLEY, IN HIS CAPACITY AS THE INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JOHN H. SMALLEY, III, and LISA MURDOCK SMALLEY, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Eric C. Smalley's Motion for Attorney's Fees (Doc. No. 35). Upon considering this motion, the response thereto, and the applicable law, the Court finds that the Motion for Attorney's Fees must be DENIED.

This case arose out of the claims by Defendant and Cross-Claimant Lisa Murdock Smalley ("Lisa"), and Defendant and Cross-Defendant Eric C. Smalley, in his capacity as Independent Administrator of the Estate of John H. Smalley, III ("Eric"). The issue to be decided in this case was entitlement to the funds interpled by Plaintiff Thrivent Financial for Lutherans ("Thrivent") pursuant to Federal Rule of Civil Procedure 22. On July 26, 2011, the Court issued a Memorandum and Order granting Eric's Motion for Summary Judgment. (Doc. No. 31.) Final judgment was entered on the same day. (Doc. No. 32.) On August 11, 2011, Eric filed the pending Motion for Attorney's Fees. (Doc. No. 35.)

Federal Rule of Civil Procedure 54(d) requires a motion or application for attorney's fees to be filed within fourteen (14) days of the entry of judgment and to "specify the judgment

1

entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B). Eric fails to meet both of these requirements.

Eric's Motion for Attorney's Fees was filed on August 11, 2011, 23 days after the Court entered final judgment in this case. Further, the request fails to state a proper substantive basis for an award of attorney's fees. Eric's Motion for Attorney's Fees states that fees should be awarded pursuant to the federal and Texas declaratory judgment acts. 28 U.S.C. §§ 2201, 2202; Tex. Civ. Prac. & Rem. Code § 37.009.

The Fifth Circuit has made clear that, because a federal court sitting in diversity must apply federal procedural law, it cannot award attorney's fees pursuant to the Texas Declaratory Judgment Act. *See, e.g., Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). Likewise, attorney's fees are unavailable under the federal Declaratory Judgment Act, which "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under [substantive] state law in a diversity action." *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir.1988). Because Eric's Motion was not timely filed, and because it fails to state a proper basis for an award of attorney's fees, the motion must be denied.

Based on the foregoing, Eric's Motion for Attorney's Fees (Doc. No. 35) is **DENIED.**
**IT IS SO ORDERED.**
**SIGNED** this the 26th day of September, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE